O'SHIELDS *v*. THE STATE.

A refusal to quash an indictment is no ground for granting a new trial. Even if it were, there was no error in refusing to sustain a motion to quash an indictment, made on the ground that the same was found and returned by a grand jury before whom no evidence had been introduced against the accused, the movant not sustaining the motion by evidence, nor offering any evidence for this purpose.                    *Judgment affirmed.*

June 12, 1893.

Indictment for larceny from the person. Before Judge RICHARD H. CLARK. Fulton superior court. Special term, February, 1893.

HARALSON & GOWDY, for plaintiff.

C. D. HILL, solicitor-general, *contra*.

---

HUDSON *v*. THE STATE.     SMITH *v*. THE STATE.

The accused having been indicted and tried jointly for the crime of murder, and the evidence, though entirely circumstantial, being legally sufficient to warrant their conviction, and the court below being satisfied with the verdict rendered, this court will not reverse the judgments overruling motions for a new trial made severally by the accused, the only grounds thereof being that the verdict was contrary to law and the evidence, and neither motion complaining that any error of law was committed by the presiding judge.                    *Judgments in both cases affirmed.*

June 9, 1893. By two Justices.

Indictment for murder. Before Judge JENKINS. Putnam superior court. March term, 1893.

Hennie Hudson and her brother, Albert Smith, were jointly indicted and tried for the murder of Mon Hudson, husband of Hennie Hudson. At the trial each was permitted to introduce evidence as if being tried separately, and each was convicted with a recommendation to life imprisonment. They made motions for new trial, on the grounds that the verdict was contrary to law and

evidence, and that there was such reasonable doubt of movants' guilt as required an acquittal. Albert Smith's motion further alleges that there was nothing in the evidence to connect him with the crime. The motions were overruled, and each of the defendants excepted. The testimony in both records is practically the same. It is circumstantial, and may support the theory that the murder was committed in revenge for the deceased having whipped his wife, or from jealousy and revenge at his going off in company with another woman. The killing was done by a stab in the side of the neck, probably within the dwelling of the deceased, a stream of blood having been found leading from the inside of the house to where he was lying just out of the door on the ground. A knife identified as Albert Smith's was found, with blood on it, at a point nearer the house of deceased than that of Smith. They lived in the same neighborhood. Both the defendants were discovered whispering by the dead body about dark in the evening, while the wife of Smith was a short distance away, crying. They had given no alarm nor notified any one of the killing. Their subsequent statements and behavior were not all consistent. Each of them charged the other with the crime, in their statements at the trial. It further appears that some of Hennie Hudson's clothes, found in the house after she was arrested, had blood on them; and there was some testimony that she had, previously to the murder, threatened to stab the deceased to the heart.

W. B. Wingfield, H. A. Jenkins and S. T. Wingfield, for plaintiffs in error. H. G. Lewis, solicitor-general, by Hines, Shubrick & Felder, contra.